IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| vs. | * | |
| SANDRA ANDERSON, | * | CASE NO. 4:20-CR-32 (CDL) |
| Defendant. | * | |

O R D E R

The Court previously denied Defendant Sandra Anderson's pro se motion for recusal. Text Order (June 25, 2025), ECF No. 389. Anderson filed a renewed pro se motion for recusal, arguing that she has now met the statutory requirements and that another judge must decide the renewed motion for recusal. As discussed below, that motion (ECF No. 395) is denied. Also pending is Anderson's motion to alter judgment, which seeks reconsideration of the Court's order denying Anderson's motion to vacate under 28 U.S.C. § 2255. That motion (ECF No. 384) is also denied.

DISCUSSION

**I.  Renewed Motion for Recusal (ECF No. 395)**

Anderson argues that the undersigned must disqualify himself from this action. Recusal is governed by two statutes: 28 U.S.C. § 455 and 28 U.S.C. § 144. A judge "shall disqualify himself" from a proceeding "in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning

a party." 28 U.S.C. §§ 455(a), 455(b)(1). And, if a party in a district court proceeding files a sufficient affidavit showing that the judge before whom her matter is pending "has a personal bias or prejudice" against her, then the judge "shall proceed no further," and another judge must be assigned to hear the case. 28 U.S.C. § 144.

Section 144 does not require a different judge to rule on a party's motion for recusal, particularly when the motion is legally insufficient on its face. "Section 144 states only that another judge must take over the case if a party's recusal request is found to be sufficient, not that another judge must determine whether the recusal request is sufficient." *Kante v. Countrywide Home Loans*, 430 F. App'x 844, 849 (11th Cir. 2011) (per curiam). Although the judge whose recusal is sought "may not pass on the truth of the matters alleged" in the affidavit supporting the motion for recusal, the judge "must pass on the legal sufficiency of the affidavit." *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975).[1] An affidavit is only legally sufficient if the properly pleaded facts "would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Therefore, the undersigned has an

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

obligation to determine whether Anderson's affidavit sets forth sufficient facts to establish that proper legal grounds exist for recusal. As discussed below, it does not, and therefore, Anderson's present motion need not be assigned to another judge.

Recusal under § 455(a) is required if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Johnson v. Wilbur*, 375 F. App'x 960, 965 (11th Cir. 2010) (per curiam) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). Recusal is required under § 144 or § 455(b)(1) if there are sufficient facts to "convince a reasonable person that bias actually exists." *Matthews v. State Farm Fire & Cas. Co.*, 817 F. App'x 731, 735 (11th Cir. 2020) (per curiam) (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000)).

Disqualification based on alleged bias or lack of impartiality is "'is required only when the alleged bias is personal in nature,' meaning that it stems from an extra-judicial source." *Kante*, 430 F. App'x at 848-49 (quoting *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994)). Thus, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). Rather, "the bias must stem from 'extrajudicial sources,' or 'the judge's acts [must] demonstrate such pervasive bias and

3

prejudice that it unfairly prejudices one of the parties.'" *Matthews*, 817 F. App'x at 735-36 (alteration in original) (quoting *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999)).

Here, Anderson's list of grievances focuses almost exclusively on the Court's rulings in this action. Anderson is dissatisfied that the undersigned:

♦ Denied her motion to vacate by adopting the Magistrate Judge's recommendation, instead of issuing a lengthy order explaining its factual findings and legal conclusions.

♦ Ruled on Anderson's initial motion to recuse instead of having the motion reassigned to another judge.

♦ Denied the initial motion for recusal based on the undersigned's conclusion that Anderson's basis for the motion was disagreement with the undersigned's rulings.

♦ Has not held hearings on Anderson's recent motions.

♦ Used a tone in its recent rulings that Anderson believes is curt and dismissive.

These issues with the undersigned's judicial rulings do not establish that the undersigned has a personal bias or prejudice against Anderson. They also do not indicate that the undersigned's impartiality might be reasonably questioned. Thus, these issues do not warrant recusal.

In addition to her complaints about the undersigned's judicial rulings, Anderson summarily contends that the undersigned has a personal bias against her because she is a pro se black woman. Anderson did not clearly articulate any basis for this belief—she pointed to no specific acts by the undersigned that

4

give rise to her belief, and she alleged no facts that would convince a reasonable person that the undersigned is biased against Anderson because of her race, her gender, or her status as a pro se litigant. Anderson's speculation does not establish bias.

In summary, Anderson did not establish a basis for recusal under § 144 or § 455. The Court thus denies her renewed motion for recusal (ECF No. 395).

## II. Motion to Alter Judgment (ECF No. 384)

In addition to her motion for recusal, Anderson filed a motion under Federal Rule of Civil Procedure 59(e), seeking to alter the judgment in favor of the United States on the motion to vacate her sentence under 28 U.S.C. § 2255. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Anderson did not point to newly discovered evidence in support of her motion, and she did not show that the Court made manifest errors of law or fact. Rather, the crux of Anderson's argument is that she does not believe that the Court adequately considered her

5

objections to the Magistrate Judge's recommendation. Anderson speculates that the Court did not study her objections or carefully consider her arguments simply because the Court did not issue a lengthy written order explaining why it adopted the Magistrate Judge's recommendation (including the denial of a certificate of appealability) despite her objections. But, as the Court stated in its order, the Court performed a de novo review of the record and considered Anderson's objections to the Magistrate Judge's recommendation, and it adopted the recommendation and made it an order of the Court. The Court is not convinced that it made any manifest errors of law or fact, so Anderson's Rule 59 motion (ECF No. 384) is denied.

## CONCLUSION

As discussed above, Anderson's renewed motion for recusal (ECF No. 395) is denied, as is her motion to alter the judgment (ECF No. 384). Anderson's other pending motions (ECF Nos. 380 & 381) remain referred to the Magistrate Judge, and they will be considered in due course.

IT IS SO ORDERED, this 16th day of July, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA