**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No.: 4:20-cr-32-CDL-CHW-2** |
| | : | **4:20-cr-32-CDL-CHW-4** |
| **SANDRA ANDERSON and** | : | |
| **YOLANDA BROWN THOMAS,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Defendants Sandra Anderson and Yolanda Brown Thomas have filed motions for the return or replacement of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docs. 380, 382, 445). In their motions, Defendants seek the return of property seized during the execution of search warrants on February 26, 2019, at Defendant Anderson's residence and at Defendant Brown's residence. Although relief under Rule 41(g) is not warranted at this time, the Government has stated that it is willing to return the property. Accordingly, it is hereby **ORDERED** that the motions be **TERMINATED** as **MOOT**.

As a matter of law, Defendants are not entitled to the relief that they seek at this stage of the case. Rule 41(g) allows a "person aggrieved by an unlawful seizure of property or by the deprivation of property" to move for the property's return. A Rule 41(g) motion is available in two contexts. First, the motion may be used during the pendency of criminal proceedings to recover property that was unlawfully or unreasonably seized. *See Allen v. Grist Mill Capital, LLC*, 88 F.4th 383, 395 (2d Cir. 2023). Second, the motion may be used to recover non-contraband items that were legally seized, at the close of proceedings "when their evidentiary utility is exhausted." *Id.* (quoting *Bova v. United States*, 460 F.2d 404, 406 n. 5 (2d Cir. 1972)). "When a property owner files a

motion to return property after the close of criminal proceedings, 'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" *United States v. Alford*, 805 F. App'x 924, 926 (11th Cir. 2020) (quoting *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)).

In this case, Defendants have not shown that the property in question was illegally seized. The property was seized pursuant to search warrants issued by a judge in this district and by a judge in the Middle District of Alabama. Contrary to Defendants' misplaced understanding, the property was not seized for purposes of forfeiture, but was seized as *evidence* to be used in the prosecution of the case. There is nothing before the Court to indicate that the property seized was outside the scope of the warrant. Although Defendants have not identified the specific property they seek to recover, in its response to Defendants' motions (Doc. 397, pp. 2–4), the Government has provided an inventory of the property seized, which consists primarily of computers, electronic devices, and documents – materials that would be relevant to the trial of a financial fraud case such as this one.

Defendants have also not shown that the materials are no longer of evidentiary value, as the criminal proceedings in this case are ongoing. Both Defendants have filed motions to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255, and those motions remain pending on appeal before the United States Court of Appeals for the Eleventh Circuit. While those motions are pending, "[t]he Government has a legitimate need to retain the evidence . . . because it would need the evidence at a new trial if [Defendants'] motion[s] to vacate [are] successful." *Alford*, 805 F. App'x at 926.

Nevertheless, the Government has indicated that it considers Defendants' numerous post-conviction filings to be baseless and concedes that "it does not appear that the materials seized from

the defendants are relevant to the ongoing filings." (Doc. 397, pp. 5–6). The Government is therefore willing to return the seized property, "excluding contraband and items containing victims' personal identifiable information." (*Id.*, p. 6).

Defendants are not satisfied with the Government's concession, however. They complain that they are unable to take possession of the property because Defendant Anderson is currently incarcerated and Defendant Brown is currently in a halfway house or otherwise unable to take possession of the property. (Docs. 399, 402). Both have indicated that they are unwilling to designate a third party to take possession of the property on their behalf. Neither Defendant has suggested any alternative way for the Government to return the property, and the Court cannot order the Government to do the impossible.

To the extent that Defendants are able to take possession of the property or willing to designate a third party to take possession of the property, they may correspond with the Government's counsel as indicated in the Government's response. (Doc. 397, p. 6). The Government shall provide Defendants with an inventory of any property that it seeks to retain as contraband or items containing victims' personal identifiable information.

**SO ORDERED**, this 13th day of February, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge